**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARTIN J. ORTIZ,

      Plaintiff - Appellant,

v.

WILLIAM DURLAND, EUGENE
AIELLO, DAVID BARRACK, ALEX
PASSARELLI, MARK RITZ, in their
official capacity as members of the
City Council of the City of Trinidad,
Colorado; CITY COUNCIL OF THE
CITY OF TRINIDAD, COLORADO;
HARRY R. SAYRE, Mayor of the City
of Trinidad, Colorado; THE CITY OF
TRINIDAD, COLORADO, a
municipal corporation,

      Defendants - Appellees.

No. 01-1376
(D.C. No. 01-M-745)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Martin J. Ortiz, appearing pro se, appeals from the dismissal of his claim for damages under 42 U.S.C. §§ 1983 and 1985.  We have jurisdiction under 28 U.S.C. § 1291.

Plaintiff applied for a state liquor license for his restaurant in Trinidad, Colorado.  The application was denied on June 6, 1996.  He prevailed in an action under Colo. R. Civ. P. 106 on March 17, 1999, and his liquor license was issued on April 30, 1999.  He filed this suit on April 23, 2001, asserting claims for damages based on race discrimination in the initial denial.  The district court dismissed plaintiff's suit as untimely filed under the applicable two-year statute of limitations.  The court reasoned that plaintiff's claim accrued on June 6, 1996, when his application was denied, and that he had alleged no facts to show a continuing violation from June 6, 1996, until April 30, 1999.

We review de novo the dismissal of an action based on a statute of limitations.  Indus. Constructors Corp. v. United States Bureau of Reclamation , 15 F.3d 963, 967 (10th Cir. 1994).  Plaintiff argues that his claim did not accrue until his license was issued on April 30, 1999, and his suit is therefore timely.

-2-

We have carefully reviewed the parties' materials and the record on appeal. We are unpersuaded by plaintiff's claim that he showed a continuing violation until April 30, 1999. Therefore, we affirm the district court's decision that the suit is barred by the statute of limitations. We need not address plaintiff's argument that he could not have presented his claim for damages in his Rule 106 proceeding.

The judgment is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge